General Pencil Company v. Commissioner.
General Pencil Co. v. Commissioner
Docket No. 3616.
United States Tax Court
1944 Tax Ct. Memo LEXIS 200; 3 T.C.M. (CCH) 603; T.C.M. (RIA) 44214; June 17, 1944
*200 G. H. Lind (an officer), for the petitioner. John W. Edwards, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The petitioner seeks a redetermination of the deficiency found by the respondent for the taxable year 1941 in the amount of $573.52. Only so much as grows out of the disallowance of legal fees in the sum of $1,766.60 is in dispute. Petitioner seeks their deductibility as an ordinary and necessary expense and the respondent claims the fees must be capitalized as having been incurred in the acquisition of shares of petitioner's own stock. Findings of Fact Petitioner was organized under the laws of New Jersey and its principal place of business is in that state. It filed its returns with the Collector of Internal Revenue at Newark, New Jersey. Petitioner's stock was owned by Raymond A. Weissenborn, who had a one-third interest, and by Oscar Weissenborn, his brother, and a brother-in-law, who together owned the remaining two-thirds of the shares. Petitioner lost money in its operations during the years 1938, 1939 and 1940. In 1941 petitioner's board of directors decided on steps to improve the management of the company and thereafter advised the *201 company's president, Raymond A. Weissenborn, of the functions he should perform and how he should carry on his work. Raymond disagreed with this action and resigned as an officer of petitioner. Sometime thereafter, in the latter part of May or early June 1941, a vice president of petitioner received a telephone call from a lawyer representing Raymond in which a conference was sought to discuss the matters growing out of these difficulties. At this conference Raymond's attorney indicated he would make application in court for the appointment of a receiver for petitioner and expressed dissatisfaction with the whole situation that had arisen. At or about the same time petitioner received telegrams from several of its outstanding traveling salesmen submitting their resignations because of the internal situation that had arisen in petitioner's affairs, and petitioner also received calls from some of its best customers about this situation. By now petitioner was becoming alarmed at the possible disruption of its business that might result and decided that there was an immediate need for the employment of legal counsel. Stanley L. Gedney, Jr. was employed to represent petitioner in the *202 negotiations with Raymond's counsel and these negotiations were carried on for several months without reaching a settlement. Petitioner thereupon decided to employ new counsel and engaged the services of Fred W. Dieffenbach. After After further negotiations petitioner's counsel advised it that the only way open to a satisfactory settlement with Raymond was for petitioner to buy his stock in the company and, acting on this advice, petitioner, in December 1941, reluctantly made the purchase. The attorneys were paid in the year 1941, fees totaling $1,766.60 for their professional services. Opinion ARUNDELL, Judge: We think the counsel fees paid in 1941 are deductible as ordinary and necessary expenses of carrying on petitioner's trade or business. It was necessary to employ counsel to protect petitioner's business interests against the threat of a possible receivership and to cope with the other disrupting forces let losse by Raymond Weissenborn which had brought about the temporary resignation of certain key salesmen and brought from customers inquiries as to what was taking place in the affairs of petitioner. The fact that the dispute was finally settled by the purchase by petitioner *203 of the shares held in it by Raymond Weissenborn does not establish that the attorneys' fees were paid as an incident to the acquisition of such shares. Nor do we think the fees can be said to constitute "the cost of defending or perfecting title to property," within the meaning of the Commissioner's Regulations. Regulations 103, section 19.24-2. Decision will be entered under Rule 50.